UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENNETH FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00290-CLC-SKL |
| | ) | |
| PAUL JONES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is filed *pro se* and without payment of filing fees by Plaintiff Kenneth Freeman. Plaintiff has filed a complaint [Doc. 2], and a motion for leave to proceed *in forma pauperis* ("IFP" and "IFP Application") [Doc. 1].

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs who seek IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (citations omitted). The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6).

The pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's

behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted).

In his complaint, Plaintiff lists his former employer as a Defendant in the caption but on the next page he only lists three individuals as Defendants [Doc. 2 at Page ID # 11–12]. He states: "These people got mad at me cuz I went to work everyday they went so far as to steal my tools and told me I can't get them because I was fired and I can't come on that property to get my tools" [*id.* at 12 (as submitted)]. The complaint contains no further facts about what took place, other than Plaintiff's attestations that some unspecified Defendants have lied [*id.*]. The complaint also indicates that Plaintiff believes the Equal Employment Opportunity Commission ("EEOC") condones racism against "Black people" [*id.* at Page ID # 11]. It appears, based on that comment, that Plaintiff has already filed an EEOC charge based on the incidents described. Other than these statements, Plaintiff does not include the basic details of his narrative—the who, what, when, where, why, and how of what happened between him and Defendants. Finally, Plaintiff does not list the relief he seeks from the Court in the event that he is successful in his suit [*see id.* at Page ID # 13]. Instead, Plaintiff states in his prayer for relief that he would like to "leave to find a better place to live" and that he does not "want to live around" racists anymore [*id.*].

Plaintiff's complaint, in its current form, fails to state a claim. Because he mentions the EEOC, lists a charge number, states that he was terminated from his employment, and alleges possible racist and discriminatory acts against him, perhaps by his former employer and others, it appears that Plaintiff may be attempting to assert claims of employment discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code. Ann. § 4-21-101 *et seq*, and possibly other claims. However, there is not enough information in the complaint to determine whether Plaintiff

has a plausible claim for relief. Plaintiff need not make legal arguments but must set forth the facts in greater detail.

Rather than dismissing Plaintiff's complaint at this stage, the Court will reserve ruling on Plaintiff's IFP Application [Doc. 1], and will allow Plaintiff the opportunity to amend his complaint to sufficiently state the factual basis for his claims to give any Defendants fair notice of his allegations and to show that those facts, if true, plausibly support a claim entitling Plaintiff to relief. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). In addition, to the extent Plaintiff is seeking to assert a claim under Title VII, he should attach any right-to-sue letter he received from the EEOC, as such a letter is a condition precedent to any suit brought under Title VII. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1030 (6th Cir. 1998).

Plaintiff is **ORDERED to file any amended complaint within 14 days of entry of this Order**. The new filing shall be titled "Amended Complaint," and shall not incorporate the original complaint or any other filing by reference, as required by Eastern District of Tennessee Local Rule 15.1.[1] The amended complaint should clearly list each Defendant that Plaintiff wishes to sue in the caption.

**Plaintiff is forewarned that any failure to state a claim in a timely filed amended complaint will result in the dismissal of this action.**

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.