UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| KENNETH FREEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 1:20-CV-290 |
| v. | ) ) | Judge Curtis L. Collier |
| PAUL JONES, *et al.*, | ) ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

United States Magistrate Judge Susan K. Lee filed a report and recommendation (the "R&R") on December 1, 2020, recommending this action be dismissed for failure to state a claim on which relief may be granted and the motion for leave to proceed *in forma pauperis* (the "IFP Application") (Doc. 1) be denied as moot. (Doc. 11.) Plaintiff, Kenneth Freeman, acting *pro se*, filed a timely objection to the R&R. (Doc. 12.)

### I. BACKGROUND

On October 30, 2020, the Magistrate Judge concluded Plaintiff's original complaint failed to state a claim on which relief could be granted, citing discrepancies in the complaint about the people or entities Plaintiff was seeking to sue and the lack of a basic narrative of what allegedly happened between Plaintiff and any Defendant. (Doc. 9 at 2–3.) The Magistrate Judge gave Plaintiff fourteen days to file an amended complaint, which was "not [to] incorporate the original complaint or any other filing by reference," and which was to "clearly list each Defendant that Plaintiff wishes to sue in the caption." (*Id.* at 3.)

On November 12, 2020, Plaintiff filed a one-page amended complaint invoking Title VII of the Civil Rights Act of 1964, asking for damages of twenty-five million dollars and referencing an Equal Employment Opportunity Commission inquiry number. (Doc. 10.) The amended complaint does not name any person or entity as a defendant, nor does it contain any allegations of fact. (*See id.*)

The R&R recommends dismissal of Plaintiff's action because "the amended complaint still does not contain a basic narrative of what happened, . . . and it does not identify any defendants in a case caption or in the body of the document." (Doc. 11 at 2.) The R&R concludes "these deficiencies are fatal to Plaintiff's claims." (*Id.*)

## II. STANDARD OF REVIEW

If a party objects to the proposed findings and recommendations of a magistrate judge, the party may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court must then undertake a *de novo* review of the specific proposed findings or recommendations to which objection is made. *Id.* A specific objection is one that "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (Table)) (alterations in original). "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996)).

## III. ANALYSIS

Plaintiff's objection to the R&R states in its entirety as follows:

> How could you close a case that you never open, if you open up this case and look at those files you can clearly see that thees people are racist. the EEOC said if they didn't do it too white people then it wasn't Racism. So the wrong to . . . . . .

(Doc. 12 (so in original).)

Plaintiff's objection does not cite specific portions of the R&R or explain how any specific portions of the R&R are problematic. Plaintiff's objection does not address the substance of the R&R, which discusses Plaintiff's failure to identify any defendant or allege any facts that could state a claim for relief. Instead, the objection is a general one, asserting it is "clear[]" that "the[se] people are racist." (*Id.*) Such a general objection does not require *de novo* review of the R&R. *See Mira*, 806 F.2d at 637.

The Court has reviewed the record in this case. The Court agrees with the R&R's conclusion that Plaintiff's amended complaint fails to state a claim on which relief can be granted. Accordingly, the Court will dismiss Plaintiff's action. *See* 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

After reviewing the record, the Court agrees with the R&R. Plaintiff's objection (Doc. 12) will be **OVERRULED**. The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 11). Plaintiff's action will be **DISMISSED**. Plaintiff's IFP Application (Doc. 1) will be **DENIED AS MOOT**.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**